IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

DENNIS W. BURRELL                                                          PETITIONER

v.                                    5:07CV00115 JMM-JFF

LARRY NORRIS, Director,
Arkansas Department of
Correction                                                                 RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge James M. Moody.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

    2.    Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.    The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## **DISPOSITION**

Before the Court is the Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Magistrate Judge undersigned recommends that the petition be dismissed with prejudice.

On December 15, 1997, Petitioner was convicted of rape after a jury trial in Hot Spring County Circuit Court. He was sentenced to twenty years' imprisonment in the Arkansas Department of Correction. Petitioner appealed to the Arkansas Court of Appeals. As his sole ground for reversal, he argued that the trial court erred in denying his motion to dismiss for lack of speedy trial under the Arkansas speedy trial rule. On March 19, 1999, the Arkansas Court of Appeals affirmed Petitioner's conviction, finding that his argument was without merit. *Burrell v. State*, 65 Ark. App. 272, 986 S.W.2d 141 (1999). The mandate was issued on March 30, 1999.

On July 1, 1999, Petitioner filed a petition for post-conviction relief in Hot Spring County Court pursuant to Rule 37 of the Arkansas Rules of Criminal Procedure. He argued that (1) counsel was ineffective for failing to inform him that counsel had a conflict of interest; (2) appellate counsel was ineffective for failing to notify him that his conviction had been affirmed on appeal; (3) Petitioner was denied due process of law when he was detained in the Hot Spring County Jail for twenty-one days without formal charges or service of probable cause; and (4) Petitioner was denied a speedy trial.

On August 19, 1999, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Western District of Arkansas. He raised the following grounds for relief: (1) he was arrested, detained, and brought to trial without probable cause; (2) he was denied a speedy trial; and (3) he received ineffective assistance of counsel. On January 4, 2000, the district court dismissed the petition without prejudice for failure to exhaust state remedies, finding that Petitioner currently had a Rule 37 petition pending in circuit court and that he had not shown that his post-conviction remedies were futile. *Burrell v. Norris*, No. 99-6103 (W.D. Ark. Jan. 4, 2000).

On May 12, 2007, Petitioner filed the pending § 2254 petition in this Court.[1] He has raised the following grounds for relief: (1) his pretrial detention in the Hot Spring County Jail without being served with probable cause papers or being formally charged

---

[1] A *pro se* prisoner's petition for writ of habeas corpus is filed on the date it is delivered to prison authorities for mailing to the clerk of the court. *Nichols v. Bowersox*, 172 F.3d 1068, 1077 (8th Cir. 1999). It is unclear when Petitioner tendered his habeas petition to prison authorities for mailing. Petitioner signed the habeas corpus petition on May 12, 2007. Under the circumstances, the Magistrate Judge will assume that he tendered the petition to prison authorities for mailing on May 12, 2007.

deprived him of due process of law; (2) he was denied his Sixth Amendment right to a speedy trial; (3) appellate counsel was ineffective for failing to notify him that his conviction had been affirmed, failing to file a petition for rehearing, failing to give him a copy of the opinion affirming his appeal, and failing to provide him with necessary documents; and (4) counsel was ineffective for laboring under a conflict of interest.

By an order filed on June 26, 2007, the Hot Spring County Circuit Court dismissed Petitioner's Rule 37 petition as untimely. The circuit court found that the Arkansas Court of Appeals issued its mandate on March 30, 1999, and that under Ark. R. Crim. P. 37.2(c), Petitioner had until May 30, 1999, to file his Rule 37 petition. The circuit court found that Petitioner did not file his petition until July of 1999, which was too late. The circuit court further found that it was never served nor made aware of the Rule 37 petition until June 4, 2007, by a letter from Mr. Joe Svoboda, an Assistant Attorney General for the State of Arkansas.

In his response to Petitioner's habeas corpus petition, the Respondent argues that the petition is barred by the one-year statute of limitations provided in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2244(d)(1). The AEDPA provides in pertinent part that a person in custody pursuant to a judgment of a state court must file a petition for habeas corpus relief within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). "[T]he running of the statute of limitations imposed by § 2244(d)(1)(A) is triggered by either (I) the conclusion of all direct criminal appeals in the state system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court;

or (ii) if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ." *Smith v. Bowersox*, 159 F.3d 345, 348 (8th Cir. 1998); *Nichols v. Bowersox*, 172 F.3d 1068, 1071-72 (8th Cir. 1999).

On March 19, 1999, the Arkansas Court of Appeals affirmed Petitioner's conviction. Under Rule 13 of the United States Supreme Court,[2] Petitioner's time for filing a petition for writ of *certiorari* expired on June 17, 1999. Accordingly, Petitioner's state court judgment became final on June 17, 1999, and the statute of limitations began running on that date. The filing deadline for Petitioner's habeas petition was June 17, 2000,[3] unless the one-year period of limitation was tolled.

The AEDPA contains a tolling provision which provides: "The time during which

---

[2] Rule 13 provides in pertinent part as follows:

1. Unless otherwise provided by law, a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment. . . .

3. The time to file a petition for writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice). But if a petition for rehearing is timely filed in the lower court by any party, or if the lower court appropriately entertains an untimely petition for rehearing or *sua sponte* considers rehearing, the time to file the petition for a writ of certiorari for all parties . . . runs from the date of the denial of rehearing or, if the rehearing is granted, the subsequent entry of judgment.

[3] The filing deadline falls on the anniversary date of the triggering event. *Wright v. Norris*, 299 F.3d 926, 927 n. 2 (8th Cir. 2002).

a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . . ." 28 U.S.C. § 2244(d)(2). An untimely post-conviction petition is not properly filed for purposes of § 2244(d)(2). *Pace v. DiGuglielmo*, 544 U.S. 408, 410-417 (2005); *Walker v. Norris*, 436 F.3d 1026, 1030 (8th Cir. 2006); *Lewis v. Norris*, 454 F.3d 778, 781 (8th Cir. 2006).

Petitioner filed only one post-conviction petition in circuit court, a petition for post-conviction relief pursuant to Rule 37. The petition was not timely filed and, therefore, the time that the petition was pending is not excludable under § 2244(d)(2). Rule 37.2(c) of the Arkansas Rules of Criminal Procedure provides that a Rule 37 petition must be filed in circuit court within sixty (60) days of the date the mandate was issued by the appellate court. The Arkansas Court of Appeals issued its mandate on March 30, 1999. Petitioner filed his Rule 37 petition in circuit court ninety-three (93) days later on July 1, 1999.

Petitioner filed a prior federal habeas corpus petition in the United States District Court for the Western District of Arkansas, which was pending from August 19, 1999, until the district court dismissed the petition without prejudice for failure to exhaust state remedies on January 4, 2000. A federal petition for writ of habeas corpus cannot be the basis for statutory tolling under § 2244(d)(2). *Cross-Bey v. Gammon*, 322 F.3d 1012, 1014 (8th Cir. 2003*)* (citing *Duncan v. Walker*, 533 U.S. 167, 181 (2001)). Therefore, the time that Petitioner's prior federal habeas corpus petition was pending is not excludable.

Equitable tolling may provide an individual relief from the AEDPA's statute of limitations. "However, equitable tolling affords the otherwise time-barred petitioner an exceedingly narrow window of relief." *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001). "'Any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes.'" *Id.* at 806 (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. Diguglielmo*, 544 U.S. at 418.

Petitioner essentially alleges that the United States District Court for the Western District of Arkansas should not have dismissed his initial federal habeas corpus petition, which was timely filed, for failure to exhaust his Rule 37 remedy in light of the fact that he did not timely file his Rule 37 petition in circuit court. This Court need not address whether the district court's alleged error in dismissing Petitioner's initial federal habeas petition constitutes an extraordinary circumstance since Petitioner has not shown that he has pursued his rights diligently. While Petitioner filed his initial federal habeas petition prior to the expiration of the AEDPA's one-year statute of limitations, the Magistrate Judge cannot say that he pursued his rights diligently throughout the state post-conviction and federal habeas proceedings. First, Petitioner did not pursue state post-conviction relief diligently by timely filing his Rule 37 petition in circuit court. If he had done so, the time that his Rule 37 was pending in circuit court would not count

towards the AEDPA's one-year limitations period, and his current habeas petition would be timely. Furthermore, after the federal district court dismissed his initial habeas petition without prejudice for failure to exhaust his Rule 37 remedy on January 4, 2000, Petitioner waited for over seven years before filing his current federal habeas petition. There is no indication in the record that he alerted the circuit court that his Rule 37 was pending and requested that the court rule on the petition. In conclusion, the Magistrate Judge finds that equitable tolling is not appropriate.

The Magistrate Judge finds that the AEDPA's one-year statute of limitations expired on June 17, 2000. Petitioner did not file his habeas petition in this Court until May 12, 2007. Accordingly, his petition is time-barred.

Even if Petitioner's claims were considered on the merits, he would not be entitled to relief. Petitioner first contends that his pretrial detention in the Hot Spring County Jail without being served with probable cause papers or being formally charged deprived him of due process of law. A habeas claim challenging the validity of pretrial detention becomes moot upon the defendant's conviction. *See Yohey v. Collins*, 985 F.2d 222, 228-29 (5th Cir. 1993); *Clark v. Bowles*, 2003 U.S. Dist. LEXIS 6797 at * 3 (N.D. Tex. Feb. 28, 2004). Upon Petitioner's conviction, any claim challenging the validity of his pretrial detention became moot, and he cannot challenge the circumstances surrounding his pretrial detention. *Clark v. Bowles*, 2003 U.S. Dist. LEXIS 6797 at * 3.

Petitioner next contends that he was denied his Sixth Amendment right to a speedy trial. In *Barker v. Wingo*, 407 U.S. 514 (1972), the United States Supreme

Court identified four factors to consider when determining whether a petitioner has been denied his Sixth Amendment right to a speedy trial: (1) the length of delay, (2) the reason for the delay, (3) whether the defendant asserted his or her speedy trial right, and (4) prejudice to the defendant. *Barker*, 407 U.S. at 530. *See also United States v. Sprouts*, 282 F.3d 1037, 1042 (8th Cir. 2002). "[T]he Sixth Amendment right to speedy trial attaches at the time of arrest or indictment, whichever comes first, and continues until the trial commences." *Sprouts*, 282 F.3d at 1042; *United States v. Perez-Perez*, 337 F.3d 990, 995 (8th Cir. 2003). "[T]o trigger a speedy trial analysis, an accused must allege that the interval between accusation and trial has passed the threshold dividing ordinary from 'presumptively prejudicial' delay." *Doggett v. United States*, 505 U.S. 647, 651-652 (1992) (quoting *Barker*, 407 U.S. at 530-531). "A delay approaching a year may meet the threshold for presumptively prejudicial delay requiring application of the Barker factors." *United States v. Titlbach*, 339 F.3d 692, 699 (8th Cir. 2003). A delay of seventeen months requires a court to "look at the other factors in the balancing test." *United States v. Shepard*, 462 F.3d 847, 864 (8th Cir. 2006).

According to Petitioner, he was arrested on May 17, 1996. He was tried on December 15, 1997. The delay of approximately nineteen months between Petitioner's arrest and his trial requires the Court to look at the other *Barker* factors.

In denying Petitioner's motion to dismiss for lack of a speedy trial, the trial court found that the delay in Petitioner's trial was attributable to his failure to submit hair and saliva samples for analysis, which the State had repeatedly requested and the court had ordered Petitioner to provide. On appeal, Petitioner argued that the trial court erred

in denying his motion to dismiss. The Arkansas Court of Appeals disagreed, finding that delay was caused by Petitioner's refusal to abide by the trial court's orders to provide samples for testing. *Burrell v. State*, 65 Ark. App. at 275, 986 S.W.2d at 142. The Court of Appeals found that 256 days (April 3, 1997, through December 15, 1997) were excludable and that Petitioner was not denied his right to a speedy trial under the Arkansas speedy trial rule, Ark. R. Crim. P. 28.1(c). *Id.* "[A] determination of a factual issue made by State court is presumed to be correct," and the petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Petitioner has not rebutted, by clear and convincing evidence, the presumption of correctness attached to the Arkansas Court of Appeals' finding that the delay in Petitioner's trial was caused by Petitioner's refusal to abide by the trial court's orders to provide samples for testing. The Magistrate Judge further finds that there is no evidence that the State "intentionally caused any delay or filed pretrial motions to cause delay in order to gain a tactical advantage." *Shepard*, 462 F.3d at 864. While Petitioner filed a motion to dismiss on speedy trial grounds, he waited until December 15, 1997, the day of his trial, to do so. Petitioner made no attempt to have his case brought to trial sooner. A defendant's delay in filing a motion to dismiss based on a speedy trial violation and his failure to seek to have the case brought to trial sooner are important factors to consider when evaluating the third *Barker* factor. *Id*. With respect to prejudice, the fourth *Barker* factor, Petitioner has not alleged facts showing that his defense was impaired by the delay. *Id.* at 864-865. The Magistrate Judge finds that Petitioner's Sixth Amendment right to a speedy trial was not violated.

Petitioner contends that appellate counsel was ineffective for failing to notify him that his conviction had been affirmed, failing to file a petition for rehearing, failing to give him a copy of the opinion affirming his appeal, and failing to provide him with necessary documents.

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court adopted a two-part standard for evaluating claims of ineffective assistance of counsel. Under this standard, a petitioner must show that his "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687-688. He must also show prejudice, *i.e.*, that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.  With respect to prejudice in the context of ineffective assistance of appellate counsel, a petitioner must show a reasonable probability that, but for his counsel's unprofessional errors, he would have prevailed on appeal. *Smith v. Robbins*, 528 U.S. 259, 285 (2000); *Pfau v. Ault*, 409 F.3d 933, 939-40 (8th Cir. 2005).  "To maintain a claim for ineffective assistance of counsel, [a petitioner] must plead facts sufficient to show both that his counsel's performance fell below an objective standard of reasonable representation and that he was prejudiced by this deficient performance." *Voytik v. United States*, 778 F.2d 1306, 1310 (8th Cir. 1985).

Petitioner has not made allegations showing that there is a reasonable probability that, but for appellate counsel's alleged errors, he would have prevailed on direct appeal or in Rule 37 proceedings.  Accordingly, Petitioner is not entitled to relief on his claims that appellate counsel was ineffective for failing to notify him that his

conviction had been affirmed, failing to file a petition for rehearing, failing to give him a copy of the opinion affirming his appeal, and failing to provide him with necessary documents.

Petitioner contends that counsel was ineffective for laboring under a conflict of interest. He alleges that counsel "filed for attorney fees as court appointed attorney that was granted in the amount of $600.00 which makes his loyalty questionable, thus making conflict of interest as well as his credibility as to whom is loyalty lies with, the State or petitioner." Petitioner did not raise the issue of counsel's conflict of interest at trial.

"A defendant's claim that his or her attorney labored under a conflict of interest and therefore provided constitutionally inadequate representation is judged under several different standards." *United States v. Young*, 315 F.3d 911, 915 n. 5 (8th Cir. 2003). Where the alleged conflict of interest involves multiple or serial representation, two different standards apply. "If the defendant raised the issue at trial, the defendant need only prove an actual conflict of interest and reversal follows automatically upon such a showing." *Id.* (citing *Mickens v. Taylor*, 535 U.S. 162, 168 (2002)). If the issue was not raised at trial, the defendant must demonstrate an actual conflict of interest that adversely affected his lawyer's performance. *Covey v. United States*, 377 F.3d 903, 907-08 (8th Cir. 2004) (citing *Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980)); *Young*, 315 F.3d at 915 n. 5 (citing *Mickens*, 535 U.S. at 168). "'Adverse effect' is not the equivalent of prejudice." *Covey*, 377 F.3d at 908. "To demonstrate adverse affect, [a petitioner] must identify 'some actual and demonstrable adverse effect on the case, not merely an

abstract or theoretical one.'" *Id.* (quoting *United States v. Flynn*, 87 F.3d 996, 1001 (8th Cir. 1996)). Where the alleged conflict involves ethical issues other than multiple or serial representation, the Eighth Circuit has indicated that *Strickland* provides the appropriate standard. *Young*, 315 F.3d at 915 n. 5. However, in *Covey*, the Eighth Court concluded that it is an open question in this circuit whether a petitioner alleging a conflict of interest other than multiple or serial representation must demonstrate an actual conflict of interest that adversely affected his lawyer's performance or instead satisfy the more stringent *Strickland* standard. *Covey*, 377 F.3d at 907-08.

Petitioner has not alleged facts showing that counsel labored under a conflict of interest. Even if this Court assumes that counsel labored under a conflict of interest, Petitioner would not be entitled to relief. Petitioner has not satisfied either the "adverse effect" standard or the *Strickland* standard. Petitioner has not satisfied the "adverse effect" standard because he has not shown that the alleged conflict adversely affected his lawyer's performance. He has not satisfied the *Strickland* standard because he has not shown that his counsel's performance fell below an objective standard of reasonable competence or that there is a reasonable probability, but for counsel's deficient performance, the result of his trial or direct appeal would have been different.

THEREFORE, the Magistrate Judge recommends that Petitioner's petition for writ of habeas corpus be dismissed with prejudice.

Dated this 26th day of July, 2007.

    /s/ John F. Forster, Jr.
UNITED STATES MAGISTRATE JUDGE